# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11104
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON MONTANEZ GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CR-82

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramon Montanez Gonzalez (Gonzalez) was indicted for conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine and possession with the intent to distribute 500 grams or more of methamphetamine. Gonzalez moved to suppress all evidence arising from his stop and arrest in Abilene, Texas. The district court conducted the bench trial and the suppression hearing together. The district court denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the motion to suppress finding that the officers had reasonable suspicion to stop Gonzalez and question him based on the reliable information from a confidential informant (CI), the corroboration of the CI's information, and the totality of the circumstances involving the towing of Gonzalez's car when it could be driven.  The district court then found Gonzalez guilty on both counts of the indictment.

Gonzalez argues that the district court erred in denying his motion to suppress because the law enforcement officers did not have the reasonable suspicion of criminal conduct necessary to justify an investigatory stop.  We review the district court's factual findings for clear error and its legal conclusions de novo.  *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005).  We consider the evidence in the light most favorable to the prevailing party.  *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008).

"An officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop when the officer has a reasonable articulable suspicion that criminal activity is afoot."  *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).  Reasonable suspicion is measured in light of the totality of the circumstances and must be supported by particular, articulable, and objective facts.  *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994) (en banc).  Reasonable suspicion may be based on the collective knowledge of law-enforcement officers, so long as the officers were in communication with one another.  *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007).

Gonzalez argues that officers who stopped him could not have relied on the CI's information because they had no actual knowledge of its credibility and, therefore, did not possess all of the facts needed to form a reasonable suspicion of criminal activity.  Gonzalez argues that *Ibarra* requires that a

No. 14-11104

single officer must be fully aware of all of the facts needed to justify an investigatory stop before that officer is able to share the information with the arresting officer. Although this is one situation in which the collective-knowledge doctrine applies, the doctrine is not limited to this circumstance. In *United States v. Kye Soo Lee*, 962 F.2d 430, 435 (5th Cir. 1992), the case on which *Ibarra* rests, we held that probable cause could be formed from the information in the possession of the arresting officers added to the information possessed by the other officers with whom they were in communication. As the district court determined using this additive approach, specific and current information provided by a reliable informant was corroborated by officers in the field and was sufficient to justify an investigatory stop. *See United States v. Gonzalez*, 190 F.3d 668, 672 (5th Cir. 1999). The denial of the motion to suppress was not erroneous. *See Michelletti*, 13 F.3d at 841.

The judgement of the district court is AFFIRMED.